The Honorable Courtney Sheppard State Representative P.O. Box 1132 El Dorado, AR 71731-1132
Dear Representative Sheppard:
You have requested an Attorney General opinion concerning certain federal requirements that are imposed upon persons who appraise property in connection with a mortgage of that property insured by the Federal Housing Administration (FHA).
More specifically, you indicate that under a new requirement of the federal Department of Housing and Urban Development (HUD), FHA-approved appraisers must complete a form that evaluates (for defects) certain aspects of real property that will be the subject of an FHA-insured mortgage. See HUD Mortgagee Letters 99-29; 99-18; 99-22; and64 F.R. 52513-02. The new form is signed by the appraiser and offered to the buyer in writing. Although the HUD indicates that this form is not a home inspection (but rather, simply ensures that the property is marketable), the form could be interpreted by the buyer as a valid condition report of the property since the majority of the form's space is devoted to possible problems with the property. You indicate a concern that the completion of this form by an appraiser who is not licensed by the state in the various areas of expertise that are touched upon by the form could infringe upon the jurisdiction of state agencies that license persons in those areas of expertise (e.g., plumbing and air conditioning).
With regard to this scenario, you have asked:
 Does the action of an appraiser in completing the new form and presenting the results of this form to the buyer violate any state laws or regulations of any Arkansas boards or commissions?
It is my opinion, as explained more fully below, that the new HUD requirement does place appraisers in the position of potentially violating certain Arkansas state law requirements that govern various licensed professionals. However, as also explained below, it is my opinion that this new HUD requirement, having the status of federal law, supersedes any state law requirements.
Several aspects of the new HUD requirement appear to conflict with state law. More specifically, in order to complete the new HUD-required form, appraisers must make certain representations concerning such matters as pest infestation, heating/air conditioning systems, and plumbing systems, that under state law should only be made by individuals who are licensed in those areas, and who are licensed in the area of home inspection generally. The new form may impact other areas of state law regulation as well.
Pest Control
The new HUD form requires the appraiser to determine and state whether the property in question shows evidence of pest infestation. The Arkansas statutes that govern pest control services state:
 No person shall, for compensation, engage in pest control service work in any manner as defined in this chapter without first having qualified, including the passing of the board's written examination, and having in force a valid license issued by the board for that purpose.
A.C.A. § 17-37-201(a).
The term "pest control service," as used in the above-quoted statute, is defined as follows:
 "Pest control service" means any person who, for compensation, gives advice or engages in work to prevent, control, or repel arthropods, mammals, birds, reptiles, or wood-damaging or wood-destroying organisms that may invade or infest homes, other buildings, or similar structures and shall include arthropods, mammals, birds, reptiles, weeds, and plant diseases that may invade, infest, or infect shade trees, shrubs, lawns, turf, and pecan groves. This term shall also include any person who issues letters of clearance, or who shall solicit such work in any manner[.]
A.C.A. § 17-37-102(13).
Heating/Air Conditioning
The new HUD form requires appraisers to make determinations about the operability of the heating/air conditioning system of the property in question. The Arkansas statutes that govern heating and air conditioning create an HVACR board [heating/ventilation/air conditioning/refrigeration] that, among other powers, has the regulatory authority to adopt rules and regulations, to adopt a mechanical code and standards for the conduct of HVACR work, and to establish HVACR code inspection programs. See A.C.A. § 17-33-202.
The board has, in fact, established an inspection program, under which individuals who inspect the fitness of heating/ventilation/air conditioning/refrigeration systems must be licensed by the board. See the HVACR Board's Rules And Regulations Pertaining To The Certification OfHeating, Ventilation, Air Conditioning And Refrigeration MechanicalInspectors.
Plumbing
The new HUD form requires appraisers to make determinations about the condition of the plumbing in the property in question.
The Arkansas statutes that govern plumbers state:
 No person shall act as a plumbing inspector in this state without first obtaining a certificate of competency as a plumbing inspector which shall be issued by the department.
A.C.A. § 17-38-301(d).
Home Inspections
In addition to the above-referenced specific licensure requirements, Arkansas law also provides that "home inspectors" must meet certain qualifications. More specifically, individuals who act as home inspectors must register with the Secretary of State. See A.C.A. § 17-52-103, -201, -202. Part of Section -202 could be construed to apply to the activities required by the new HUD form. Section 202 states in pertinent part:
 Any person who undertakes or attempts to undertake the business of home inspection without first having been registered as required by this chapter . . . shall be deemed guilty of a Class C misdemeanor.
A.C.A. § 17-52-202(a).
The term "home inspection" is defined as follows:
 "Home inspection" means a physical examination of a home made to identify visible defects or conditions that may adversely affect the function and integrity of the items, components, and systems inspected, or the health or safety of the occupants of the residence. Such inspections may include ancillary buildings.
A.C.A. § 17-52-102(2).
Each of the above-referenced Arkansas state laws and regulations could be construed to govern the types of activities that would be required of an appraiser in completing the new HUD form. Each of these state laws also requires some form of licensure, registration, or other form of state approval in order for an individual to engage in these types of activities, as required by the new HUD form. The form thus places appraisers who are not licensed or otherwise approved pursuant to those laws in a position of potentially violating Arkansas law.
Nevertheless, it is my opinion that under the Supremacy Clause of the United States Constitution, the HUD requirement must take precedence over the Arkansas requirements, because it has the status of federal law. The HUD is a federal agency, and as such, its regulations are promulgated pursuant to federal statutory law. Article 6, § 2 of the United States Constitution states:
 This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.
U.S. Const., art. 6, § 2.
The U.S. Supreme Court has held that "[t]he phrase `Laws of the United States' [as used in the Supremacy Clause] encompasses both federal statutes themselves and federal regulations that are properly adopted in accordance with statutory authorization." See City Of New York v. FCC,486 U.S. 57 (1988); Louisiana Public Service Comm'n v. FCC, 476 U.S. 355
(1986).
Accordingly, I conclude that under the Supremacy Clause, the HUD requirement must supersede state laws to the contrary.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh